

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

RAYMOND CLAUDIO,
      Petitioner,

v.                                                                       Case No.: 13-11136-E

SECRETARY, FLA. DEPT.OF CORR.
      Respondent,
_____/


## APPLICATION FOR MOTION FOR CERTIFICATE OF APPEALABILITY

Appellant, Raymond Claudio, *pro se*, moves for a Certificate of Appealability pursuant to 11th Cir.R. 24-2, and shows:

1. The District Court for the Middle District of Florida denied a Certificate of Appealability March 11, 2013.

2. This Court should grant an application for a Certificate of Appealability only if the petitioner makes a substantial showing of the denial of a constitutional right.

3. First, the appellant must show that exhaustion should be excused.

4. To make this substantial showing the appellant "must demonstrate that" the issue to excuse exhaustion are debatable among jurist of reason or that a Court could resolve the issues [differently]". See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted). In addition, petitioner could show, "the question are adequate to deserve encouragement to proceed further.id

5. In the instant case, the appellant has met the ~~revisit~~ requisit showing for a Certificate of Appealability.

6. As the appellant's state sentence rapidly approached conclusion, the respondent has placed roadblocks and procedural obstacle in the appellant's path that deprived the state courts a swift review of the appellant's constitutional claims.¹

7. The Appellant has made a good faith attempt to exhaust state remedies in the state court, while his state sentence rapidly approached conclusion.

8. The state court's has allowed a blood relative of the prosecutor, Judge John Alexander, who is not the assigned Judge, to delay ruling in the state courts to impede the appellants efforts to have his constitutional claims address by the federal courts.

9. Judge John Alexander, has utilized the power afforded to a judge to ban the appellant from any pro se filings, while the petitioner first post conviction was pending in the state courts and his actions are punitive and vindictive and has chilling effect on the appellant First Amendment a United States constitutional rights to Access to the Courts.

10. The District Court of Appeal has never received, reviewed and rejected any of the appellant's claims on criminal case CF11-228.

11. The District Court of Appeal has deprived the appellant of the opportunity to have the state courts address the appellants constitutional claims, while the appellant' first post conviction was pending in the state courts, by banning the appellant from any pro se filing on criminal case CF11-228 in the district court of appeals.

12. The roadblocks and procedural snarls placed in the appellant path should allow excuse for exhaustion.

---

1. The Petitioner filed a Motion to Excuse exhaustion which was denied by the District Court

13. The appellant has made a substantial showing and demonstrated that the issues to excuse exhaustion are debatable among jurist of reason or that a Court could resolve the issues differently and that the question is adequate enough to deserve encouragement to proceed further.

**WHERFORE**, the Appellant pray that this Court grant the application for Certificate of Appealability.

Dated. 8/8/13     .

Respectfully submitted,

_____
Raymond Claudio. B-928952
Reception & Medical Center, West Unit
P.O. Box 628
Lake Butler, Florida 32054-0628

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the above has been forwarded to Robin Compton, Assistance Attorney General 444 Seabreeze Blvd. Fifth Floor, Daytona Beach, Fla. 32218 on this 8th day of August 2013.

_____
Raymond Claudio, *pro se*